SARTAIN, Judge.
On August 16, 1968, Robley P. Guidry, Jr., obtained a final judgment of divorce dissolving his marriage with Sandra Montgomery Guidry and in the same judgment he was awarded the permanent custody of their minor son, Stephen Paul Guidry. The visitation rights of the mother were fixed at 12:00 o’clock noon to 6:00 o’clock p. m. on Sundays and Wednesdays. Both parents later remarried and when the child started school the hours of visitation were adjusted by agreement between them so that the mother could see the child from 9:00 o’clock a. m. to 5:00 o’clock p. m. on Saturdays and one-half day on Christmas.
On June 22, 1971, the mother, now Mrs. Menou, filed a Rule to Fix Visitation Rights in which she asked to be allowed to have the child for two weeks during one of the summer months, for one weekend each month from 9:00 o’clock a. m. Saturday to S :00 o’clock p. m. Sunday, for one day on the other weekends of each month from 9:00 o’clock a. m. to S :00 o’clock p. m. and for one-half of Christmas Day. The child is now seven years old.
The actual increase sought over the existing arrangement included the two weeks each summer and the overnight weekend each month.
It was stipulated by Mr. Guidry that his ex-wife now has a satisfactory home environment.
After a hearing on the rule, the trial judge denied Mrs. Menou’s prayer for the increased rights and rendered judgment confirming the existing arrangement of 9:00 o’clock a. m. to 5:00 o’clock p. m. on Saturdays and one-half day on Christmas. We affirm the judgment of the trial court.
Mrs. Menou has appealed contending primarily that the trial judge erred in according substantial weight to the testimony of Mr. Michael Hotard, a psychiatric social worker, who was a witness for Mr. Guid-ry. Mr. Hotard had earned a bachelor’s degree in psychology at L.S.U.-N.O. and a master’s degree in social work at L.S.U. in Baton Rouge. He had been employed as a psychiatric social worker at the Terre-bonne Regional Mental Health Center for nearly two years at the time of the hearing in this case. The trial judge ruled that Mr. Hotard was qualified to testify as an expert relative to matters of social behavior of an individual, in this case, the child, and the effect of his family life on such behavior.
Mr. Hotard testified that the child had been referred to him as a result of the concern of Mr. Guidry and school personnel that the child showed symptoms of anxiety and was hard to talk to. He saw the child on three occasions within three months of the hearing and concluded on the basis of those visits and the prior history provided by Mr. Guidry that the child’s anxiety stemmed from a basic feel *720 ing of insecurity and uncertainty that he would be cared for. The child, he said, was somewhat torn between his mother and his father and stepmother and knew that they were in disagreement over the time he would spend with them. His custody had been changed at the time of the divorce, the hours of visitation had later been changed and the continuing uncertainty has placed him in a psychologically vulnerable position between his real mother and father and has also hindered his adjustment to his stepmother. Mr. Hotard was of the opinion that a consistent and regular visitation schedule was essential to the child’s feeling of security, regardless of the terms. But he continued that the major concern was the child’s adjustment in the home of his father, who had permanent custody and the primary responsibility for raising and disciplining his son, and therefore Mr. Hotard thought that an increase in visitation rights at this time would be inadvisable.
In his reasons for judgment, the trial judge stated in part as follows:
“Mr. Hotard, as far as this court is concerned, made an excellent presentation of the situation. I was amazed at his insight. His specific recommendation is that the status will be maintained at this particular time in order to make absolutely sure that further problems are not presented to the child at this time. I have always been one to feel that the parent who does not have custody of the child should have overnight visitation rights. I think that it is very commendable but we must take each individual case as it is presented to us and in the case of a specific recommendation, by a social worker, this court feels that it would be releasing (sic) its duty to this child if it would make any change in visitation rights at this time.”
Apparently the trial judge agreed with the opinions of Mr. Hotard to such an extent that his own predisposition to grant overnight visitation rights was overcome. The judge further acknowledged his sympathy for the natural mother but stated that, since the best interests of the child were the prime concern, the present visitation rights should be maintained. We can find nothing in this record to indicate that the trial court’s reliance on the opinion of Mr. Hotard or his decision was in error.
Accordingly, the judgment of the trial court is affirmed, at appellant’s costs.
Affirmed.